UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| VERNON L. GIPSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:25-cv-264 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| FREEDOM MORTGAGE | ) | Magistrate Judge Christopher H. Steger |
| CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant Freedom Mortgage Corporation's ("Freedom") motion to dismiss (Doc. 16) and motion to strike Plaintiff's sur-reply (Doc. 21). For the following reasons, Defendant's motion to dismiss (Doc. 16) is **GRANTED**, and this case will be **DISMISSED WITHOUT PREJUDICE**. Defendant's motion to strike (Doc. 21) will be **DENIED AS MOOT**.[1]

**I. BACKGROUND**

**A. Factual Background**

This suit stems from an alleged misreporting on Plaintiff's credit report. Plaintiff has a mortgage serviced by Freedom. (Doc. 15, at 1.) Plaintiff alleges that, despite his timely payment, Freedom reported to Equifax that his April 2025 payment was late. (*Id.*) Plaintiff alleges that he mailed complaints about the reported late payment to "Equifax, [Freedom], and regulators . . . ." (*Id.*) Plaintiff also filed a complaint with the Consumer Financial Protection

---

[1] Since the Court is granting the motion to dismiss, Defendant's motion to strike is now moot.

Bureau ("CFPB"), which responded that it "contacted the data furnisher(s) for the disputed items on [Plaintiff's] Experian credit report and asked them to verify the accuracy of the information with which [Plaintiff] disagree[s]." (Doc. 18-3, at 5.)

### B. Procedural Background

Plaintiff, proceeding *pro se*, filed a claim in the Court of General Sessions for Hamilton County, Tennessee, using a preprinted form provided by that court. (*See* Doc. 1-2, at 4.) Using all four lines provided on that preprinted form, Plaintiff alleged that that Defendant violated the Fair Credit Reporting Act by misreporting a 30-day late payment. (*Id.*) Defendant timely removed the suit to this Court and filed its first motion to dismiss. (*See* Doc. 8, at 3.) On October 1, 2025, the Court ordered Plaintiff to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure and denied Defendant's first motion to dismiss with leave to refile. (Doc. 14.) Plaintiff filed an amended complaint (Doc. 15), and Defendant filed a subsequent motion to dismiss (Doc. 16). Plaintiff filed an opposition to the motion to dismiss. (Doc. 18.) Defendant replied to the opposition (Doc. 19). Plaintiff then filed a sur-reply (Doc. 20). In response, Defendant filed a motion to strike Plaintiff's sur-reply (Doc. 21).

## II. MOTION TO DISMISS

### A. Standard of Law

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 of the Federal Rules of Civil Procedure by filing a motion pursuant to Rule 12(b)(6). According to Rule 8, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at

3

679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). "[L]iberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for *pro se* litigants is liberal, it requires more than the bare assertion of legal conclusions. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

**B.     Analysis**

**1.     Failure to Conduct Reasonable Investigation Pursuant to § 1681s-2(b)**

Plaintiff first asserts that Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b). (Doc. 15, at 3.) Under § 1681s-2(b), "[u]pon receiving notice of a dispute from a CRA [credit reporting agency], a furnisher faces [five duties.]" *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012); 15 U.S.C. § 1681s-2(b)(1) (listing the five duties). One of those duties requires a furnisher to "conduct an investigation with respect to the disputed information[.]" 15 U.S.C. § 1681s-2(b)(1)(A). But that duty arises "only after a furnisher has received proper notice of a dispute from a CRA." *Boggio*, 696 F.3d at 615–16; *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) ("A private

4

cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute."). A "consumer reporting agency" is a "person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). "Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint." *Brown*, 507 F. App'x at 547.

Here, Defendant argues that "the Amended Complaint lacks any allegation that the consumer reporting agency notified Freedom of the dispute." (Doc. 17, at 5.) Plaintiff claims he sent a complaint to Equifax, a credit reporting agency, and Freedom, a furnisher of information. (Doc. 15, at 1.) Plaintiff's amended complaint does not allege that Equifax provided notice of the dispute to Freedom. (S*ee generally* Doc. 15.) Plaintiff provided documentation that states that the CFPB "contacted the data furnisher(s) for the disputed items on [Plaintiff's] Experian credit report and asked them to verify the accuracy of the information with which [Plaintiff] disagree[s]." (Doc. 18-3, at 5.) However, the CFPB is "not a 'consumer reporting agency' under the FCRA" because it "is not in the business of assembling and evaluating consumer credit information." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017). Since Plaintiff fails to allege that a credit reporting agency notified Freedom to trigger Freedom to conduct an investigation under § 1681s-2(b), this claim fails.

2.   **Failure to Ensure Maximum Possible Accuracy**

Plaintiff's second claim is brought pursuant to 15 U.S.C. § 1681e(b) for a failure to ensure maximum possible accuracy. (Doc. 15, at 3.) Section 1681e(b) states, "[w]henever a *consumer reporting agency* prepares a consumer report it shall follow reasonable procedures to

5

assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).

Plaintiff's amended complaint alleges that Freedom "is a national mortgage servicer" that "furnished information to Equifax . . . ." (Doc. 15, at 1.) As mentioned above, CRAs are in the business of assembling and evaluating consumer credit information. *See* 15 U.S.C. § 1681a(f). Since Freedom is not a "consumer reporting agency," Plaintiff cannot state a claim against Freedom under § 1681e(b) because that statute applies only to "consumer reporting agencies." Therefore, Plaintiff's claim under § 1681e(b) also fails.

### 3. Negligence and Willful Misreporting

Plaintiff's third claim is for "Negligence and Willful Misreporting." (Doc. 15, at 3.) Plaintiff's amended complaint does not clearly state whether this claim is brought under the FCRA or Tennessee state law. (*See id.*)

The FCRA allows consumers to bring suit to recover damages from "any person who is negligent," 15 U.S.C. § 1681o, or who "willfully fails to comply with any requirement imposed," 15 U.S.C. § 1681n. *See Boggio*, 696 F.3d at 615. Section 1681s-2(a) requires "furnishers of information to provide accurate information." 15 U.S.C. § 1681s-2(a); *Boggio*, 696 F.3d at 614 ("furnishers have a duty to provide the CRAs with accurate information about their consumers."). However, "§ 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a CRA." *Id.* at 615 (noting enforcement of § 1681s-2(a) belongs to "the Federal agencies and officials and the State officials . . ."). Liberally construing Plaintiff's amended complaint, it appears he is attempting to assert a claim that Freedom negligently and willfully misreported Plaintiff's April 2025 payment under 15 U.S.C. § 1681s-2(a). (*See* Doc.

6

15, at 1, 3.)  Since consumers are precluded from enforcing § 1681s-2(a), Plaintiff cannot bring forth a claim against Freedom from negligently or willfully misreporting Plaintiff's payments.

If Plaintiff is attempting to assert Tennessee state law claims, "[t]he FCRA preempts state common law causes of action concerning a furnisher's reporting of consumer credit information to consumer reporting agencies."  *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019).  Plaintiff's claims for "negligence and willful misreporting" relates to Freedom's furnishing information about Plaintiff's mortgage payments.  (Doc. 15, at 3.)  Since these claims concern Freedom's reporting of consumer credit information, these causes of action are preempted.  Accordingly, Plaintiff's claims for negligence and willful misreporting are dismissed.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Doc. 16) is **GRANTED**, and Plaintiff's amended complaint will be **DISMISSED WITHOUT PREJUDICE**.  Defendant's motion to strike (Doc. 21) is **DENIED** as moot.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**